**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.** _____ |
| | § | |
| **HOPE PEDIATRICS, LLC** | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

     **NOW COMES,** Plaintiff Colony Insurance Company ("Colony"), and represents to the Court as follows:

### Introduction

     1.     This is an action for declaratory judgment to determine whether Colony has a duty to defend or indemnify Defendant Hope Pediatrics, LLC ("Hope") under a policy of liability insurance, issued by Colony to Hope, against the claims and potential claims raised in the lawsuit styled *Paula Etchieson, Individually and as heir to the body of Virgil J. Etchieson v. Hope Pediatrics, LLC, et al.*, No. DC-17-789, in the 193d Judicial District, Dallas County, Texas (the "underlying lawsuit.").

### Parties

     2.     Colony is a citizen of the commonwealth of Virginia, being a corporation formed in Virginia and having its principal place of business at 8720 Stony Point Pkwy, Suite 400, Richmond, Virginia 23235.

3.     Defendant Hope Pediatrics, LLC is a limited liability company and a citizen of the state of Texas because all members of Hope are natural persons who domicile in Texas. Hope may be served through its registered agent, Carl S. Willis, at 10046 Tulare Lane, Fort Worth, Texas 76117.

## Jurisdiction

4.     This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of the commonwealth of Virginia, Defendant is a citizen of the state of Texas, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.     The Court has personal jurisdiction over Defendant because it is a resident of the state of Texas.

6.     Venue is appropriate under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district. It is also proper under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. *See also* 28 U.S.C. § 124(a)(1).

## Factual Allegations Against Hope

7.     Hope is a defendant in the underlying lawsuit, a wrongful death case brought by Paula Etchieson, the mother of the decedent, Virgil "Johnny" Etchieson.

8.     Etchieson alleges that on June 29, 2015, a Hope employee failed to act as a reasonably prudent licensed vocational nurse in the course and scope of his employment with Hope. This allegedly resulted in Johnny's death.

9.     Etchieson further alleges that Hope was negligent for placing the employee in the Etchiesons' home to care for Johnny.

10.      The underlying petition alleges that on November 1, 2016, Etchieson sent to Hope a statutory notice letter and release of information. The petition alleges that Hope received the letter on November 7, 2016.

11.      Hope notified Colony of the claim on April 20, 2017.

## Colony Policies of Insurance

12.      Colony issued to Hope two liability insurance policies, both bearing number AP515565, effective January 17, 2016 to January 17, 2017 (the "2016-17 policy) and January 17, 2017 to January 17, 2018 (the "2017-18 policy" and collectively the "policies"). The policies provide no coverage for Hope for the claims alleged in the underlying lawsuit.

## No Coverage Under the Professional Liability Coverage Form

13.      The policies contain a Professional Liability Coverage Part, which provides coverage via the following insuring agreement, in pertinent part:

**1.      Insuring Agreement D – Professional Liability**

a.      We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as "damages" because of a "wrongful act" to which this insurance applies. We may, at our discretion, investigate any incident and settle any "claim" that may result. . .

* * *

b.      This insurance applies to "wrongful acts", but only if:

(2)      prior to the effective date of this Policy, no insured had knowledge of any "claim" or any "wrongful act" that could reasonably give rise to a "claim" under this Policy; [and]

* * *

(7)     the "claim" is first reported to us subsequent to this Policy's effective date and prior to the expiration of this Policy or during any applicable Extended Reporting Period we provide and in accordance with the provisions set forth in **SECTION VI - CONDITIONS**, 6. Duties In The Event Of A Claim Or Suit within the Common Policy Provisions; and

Pertinent definitions, provided in the Common Policy Provisions form, are as follows:

3.     "Claim" means:

a.     a demand for money; or

b.     the filing of "suit"; naming the insured and alleging:

(1)     a "wrongful act" resulting from the rendering of or the failure to render "professional services"; or

(2)     an offense or an "occurrence".

"Claim" does not include a demand for equitable or non-pecuniary relief.

\* \* \*

30.     "Wrongful act" means an act, error or omission in the rendering of or failure to render "professional services" by any insured covered under this Policy and performing the operations described under **BUSINESS DESCRIPTION** in the Declarations including an act, error or omission resulting in the violation of any right guaranteed to your residents under state or federal law or guidelines regulating your business as a resident health facility.

\* \* \*

22.     "Professional services" means the providing of:

a.     medical, surgical, dental, x-ray, mental health or nursing service or treatment, or the furnishing of food or beverage in connection with such service or treatment;

b.     medications, medical supplies or medical appliances;

c.     health or therapeutic service, treatment or advice;

d.     counseling or social service;

**COMPLAINT**                                                                    **PAGE 4**

   e. postmortem handling of human bodies including organ or tissue recovery; and

   f. services undertaken accreditation, standards professional board or insured while:

for your formal review or equivalent committee for any

    (1) evaluating the professional qualifications or clinical performance of any providers of "professional services"; or

    (2) promoting and maintaining the quality of "professional medical services" being provided; including the executing, or failure to execute a decision or directive of your formal accreditation, standards review or equivalent professional board or committee.

14. The policies' Professional Liability Coverage Part also contains the following provision:

**SECTION IV – EXTENDED REPORTING PERIODS**

\* \* \*

3. A sixty (60) day Basic Extended Reporting Period is automatically provided without additional charge. The Basic Extended Reporting Period starts with the end of the "policy period".

In order to benefit from the Basic Extended Reporting Period, all "claims" must be first made against you during the "policy period" and duly reported to us during the Basic Extended Reporting Period and in accordance with the provisions set forth in SECTION VI - CONDITIONS, 6. Duties In The Event Of A Claim Or Suit within the Common Policy Provisions.

\* \* \*

15. There is no coverage afforded by the 2016-17 policy's Professional Liability Coverage Part because Hope did not report the claim to Colony within the Basic Extended Reporting Period — *i.e.*, 60 days after the policy's expiration on January 17, 2017.

16.     There is no coverage under the 2017-18 policy's Professional Liability Coverage Part because Hope received notice of the claim on November 7, 2016, which is prior to the effective date of the 2017-18 policy.

**No Coverage Under the Commercial General Liability Coverage Part**

17.     The policies also provide general liability coverage via the Commercial General Liability Coverage Part's insuring agreement, which provides, in pertinent part:

> 1.     Insuring Agreement A - Bodily Injury And Property Damage
>
>> a.     We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. . .
>>
>> * * *
>>
>> b.     This insurance applies to "bodily injury" and "property damage" only if:
>>
>> * * *
>>
>>> (3)     a "claim" because of the "bodily injury" or "property damage" is first made against any insured and reported to us in accordance with:
>>>
>>>> (a)     paragraph c. below; and
>>>>
>>>> (b)     the provisions set forth in **SECTION VI - CONDITIONS, 6. Duties In The Event Of A Claim Or Suit** within the Common Policy Provisions; during the "policy period" or any Extended Reporting Period we provide under **SECTION IV - EXTENDED REPORTING PERIODS.**

The Common Policy Provisions form provides the following definitions:

> 2.     "Bodily Injury" means bodily injury, mental anguish, sickness or disease sustained by a person, including death resulting from any of these at any time.

**COMPLAINT**                                                                **PAGE 6**

18.     The policies' Commercial General Liability Coverage Part also contain the following provision:

### SECTION IV – EXTENDED REPORTING PERIODS

* * *

3.      A sixty (60) day Basic Extended Reporting Period is automatically provided without additional charge. The Basic Extended Reporting Period starts with the end of the "policy period".

In order to benefit from the Basic Extended Reporting Period, all "claims" must be first made against you during the "policy period" and duly reported to us during the Basic Extended Reporting Period and in accordance with the provisions set forth in **SECTION VI CONDITIONS, 6. Duties In The Event Of A Claim Or Suit** within the Common Policy Provisions.

* * *

19.     There is no coverage under the 2016-17 policy's General Liability Coverage Form because Hope did not report the claim to Colony within the Basic Extended Reporting Period — *i.e.*, 60 days after January 17, 2017.

20.     The General Liability Coverage Part contains the following exclusion:

### SECTION II – ADDITIONAL EXCLUSIONS

1.      The following additional exclusions apply to **Insuring Agreement A - Bodily Injury And Property Damage** and **Insuring Agreement B - Personal And Advertising Injury**:

* * *

**c.      Known Prior Loss or Injury**

Based upon or arising out of:

**(1)**      an "occurrence" or offense prior to the effective date of the policy that any insured knew or could have reasonably foreseen could give rise to a "claim";

* * *

**COMPLAINT**                                                                                                  **PAGE 7**

(3)    any "occurrence", offense, "claim", act, error or omission disclosed in the application for this policy.

21.    The underlying petition alleges that Hope received notice of the claim on November 7, 2016, which is prior to the inception of the 2017-18 policy. Therefore, this exclusion precludes coverage for the claim.

### The Claim is Excluded from GL Coverage by Endorsement

22.    The policies also contain an endorsement titled "Exclusion – Health Care Services and Patient, Client or Resident Injury – Names Perils Exception" (the "Endorsement"). The Endorsement provides, in pertinent part:

A.    **SECTION II - ADDITIONAL EXCLUSIONS, 1.** within the Commercial General Liability Coverage Part is amended by the addition of the following:

This Policy does not apply to any "claim" based upon or arising out of "bodily injury", "property damage" or "personal and advertising injury" sustained by any person while:

(1)    your patient;

(2)    your "client"; or

(3)    your "resident".

However, this exclusion does not apply to "bodily injury" caused by a "named peril" to any person included in (1), (2) or (3) above.

This Policy does not apply to any "claim" based upon or arising out of "bodily injury", "property damage" or "personal or advertising injury" arising out of:

(1)    the rendering or failure to render:

(a)    medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction, or the related furnishing of food or beverages;

(b)    any health or therapeutic service, treatment, advice or instruction; or

**COMPLAINT**                                                                                              **PAGE 8**

* * *

(2)     the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

* * *

The Endorsement also adds the following definitions:

"Client" means an individual for whom you perform services at your facilities.

"Named peril" means:

a.      Slip, trip or fall;

b.      Heat, smoke or fumes from a "hostile fire";

e.      Lightning, windstorm or earthquake;

d.      Explosion, collapse, bursting, rupture, of a tank, machinery, equipment, or other similar apparatus or device (other than an "auto"), including any attached piping, pumps or valves, if the explosion, collapse, bursting, or rupture is not caused by deterioration, corrosion, erosion, decay, rotting or wear and tear;

e.      Leakage from fire extinguishing equipment;

f.      Falling objects. This does not include "bodily injury" to:

(1)     any person in the open; or

(2)     any person in the interior of a building or structure unless the roof or an outside wall of the building or structure is first damaged by a falling object;

g.      Weight of snow, ice or sleet; or

h.      Water damage - the accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on your premises and contains water or steam.

**COMPLAINT**                                                                                    **PAGE 9**

> "Resident" means an individual residing at your facilities. However, your employees are not "residents".

The endorsement precludes coverage for the claim under both policies' General Liability Coverage Form because Etchieson seeks damages for "bodily injury" to Johnny — a patient, "client", or "resident" of Hope — which was not caused by a "named peril."

## No Duty to Indemnify

23.     The same reasons that negate Colony's duty to defend negate any possibility that Colony will have a duty to indemnify Hope.

## Reservation Regarding Amendment

24.     Colony reserves the right to amend as necessary to add to this action additional claims that may be made against Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Colony Insurance Company prays for a declaration that it owes no duty to defend or indemnify Hope against the claims made subject of the lawsuit styled *Paula Etchieson, Individually and as heir to the body of Virgil J. Etchieson v. Hope Pediatrics, LLC, et al.*, No. DC-17-789, in the 193d Judicial District, Dallas County, Texas; and for such other and further relief, at law or in equity, to which Colony may show it is justly entitled.

Respectfully submitted,

*/s/ John C. Tollefson*

John C. Tollefson
State Bar No. 20109400
Stephen A. Melendi
State Bar No. 24041468
Matthew Rigney
State Bar No. 24068636
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:      214-665-0100
Facsimile:      214-665-0199
**ATTORNEYS FOR PLAINTIFF,**
**COLONY INSURANCE COMPANY**