UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-02620-K |
| | § | |
| **HOPE PEDIATRICS, LLC** | § | |
| | § | |
| *Defendant.* | § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

*1.    A brief statement of the claims and defenses;*

1.1.    This is an action for declaratory judgment to determine whether Colony has a duty to defend or indemnify Defendant Hope Pediatrics, LLC ("Hope Pediatrics") under a policy of liability insurance, issued by Colony to Hope Pediatrics, against the claims and potential claims raised in the lawsuit styled *Paula Etchieson, Individually and as heir to the body of Virgil J. Etchieson v. Hope Pediatrics, LLC, et al.*, No. DC-17-789, in the 193d Judicial District, Dallas County, Texas (the "underlying lawsuit").

**Plaintiff Colony Insurance Company's Statement**

1.2.    The underlying lawsuit alleges that Hope Pediatrics and its employee were responsible for the death of Johnny Etchieson, who was a patient under the care of Hope Pediatrics. Colony issued to Hope Pediatrics two consecutive claims-made-and-reported policies that provide professional liability and general liability coverage. There is no coverage for the claims asserted in the underlying lawsuit because Hope Pediatrics did not provide notice to Colony during the first policy period or applicable extended reporting period. There is no coverage provided by the second policy because Hope Pediatrics knew of a "wrongful act" or "occurrence" that could give rise to a

"claim" prior to the inception of that policy. Therefore, Colony has no duty to defend Hope Pediatrics. And, as the same facts that negate Colony's duty to defend negate any possibility that it would have to indemnify Hope Pediatrics, Colony also has no duty to indemnify.

### Defendant Hope Pediatrics, LLC's Statement

1.3. Hope Pediatrics sought and obtained coverage from Colony, which Colony provided. As the insurance carrier, Colony drafted the policy and, as such, it should be construed against Colony. The plain language of the policy required Hope Pediatrics to advise Colony of a "claim," which the policy defined as a demand for monetary damages. In November 2016, Hope Pediatrics received a letter requesting documents from Hope Pediatrics in connection with the death of a patient who received care from a Hope Pediatrics nurse and subsequently died while in the care of a hospital. The language did not demand any monetary settlement and only sought records. Accordingly, Hope Pediatrics did not alert the insurance company as to the request for records. Some time thereafter, the estate of the deceased patient filed suit against Hope Pediatrics, which Hope Pediatrics promptly tendered to Colony for coverage.

2. *A proposed time limit to file motions for leave to join other parties;*

    2.1   Motions for leave to join other parties will be filed by April 6, 2018.

3. *A proposed time limit to amend pleadings;*

    3.1   Parties may amend pleadings without leave of Court until May 4, 2018.

4. *A proposed time limit to file various types of motions, including dispositive motions. The Court prefers the deadline for dispositive motions to be 120 days before trial.*

    4.1   Dispositive motions shall be filed by September 28, 2018.

5. *A proposed time limit for initial designation of experts;*

    5.1   The parties will designate experts by June 29, 2018.

6. *A proposed time limit for responsive designations of experts;*

      6.1    The parties will designate responsive experts by July 27, 2018.

7. *A proposed time limit for objections to experts (i.e. Daubert and similar motions);*

      7.1    The parties will file objections to experts by August 31, 2018.

8. *A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;*

      8.1    Because an insurer's duty to defend is a question of law for the Court that is resolved using only the underlying pleadings and the policy, little discovery is needed to resolve Colony's duty to defend. Hope Pediatrics has filed a 12(b)(1) Motion to Dismiss, and Colony has filed a Motion for Summary Judgment.

      8.2    Should the Court hold that Colony has a duty to defend, Colony's duty to indemnify Hope Pediatrics is determined by the facts as established in the underlying trial. If all the facts pertinent to coverage have not been developed in the underlying lawsuit, more thorough discovery may be necessary.

      8.3    The Parties propose August 31, 2018 as the date by which factual and expert discovery must be completed. However, if the underlying case is not resolved, this date may need to be adjusted if Colony's duty to indemnify has not been resolved.

9. *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed;*

      9.1    No changes to the limitations on discovery are necessary.

10. *A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded; (The parties should note that the Court operates a three-week docket beginning the first Monday of each month. Therefore, the parties should propose a trial date which corresponds with the first Monday of the agreed upon month.)*

      10.1    The parties propose a trial date of March 4, 2019, and anticipate that a trial on the merits would take three days. A jury trial has not been demanded.

11. *A proposed date for further settlement negotiations;*

   11.1   The Parties are attending a joint mediation with the underlying lawsuit on March 5, 2018. If this mediation is unsuccessful, the parties will conduct further settlement negotiations as the case progresses.

12. *Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;*

   12.1   The Parties will file their Rule 26(a) disclosures by March 2, 2018.

13. *Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge (consent attached).*

   13.1   Colony does not consent to trial before a U.S. Magistrate Judge.

14. *Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;*

   14.1   The Parties are attending a joint mediation with the underlying lawsuit on March 5, 2018 with James J. Juneau. Because of the nature of this case, the Parties believe that the best chance for settlement is in conjunction with the underlying lawsuit.

15. *Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;*

   15.1   None.

16. *Whether a conference with the Court is desired and the reasons for requesting a conference;*

   16.1   The Parties do not desire a conference with the Court.

17. *Any other matters relevant to the status and disposition of the case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).*

   17.1   None.

Respectfully submitted,

*/s/ Stephen A. Melendi*

**John C. Tollefson**
State Bar No. 20109400
**Stephen A. Melendi**
State Bar No. 24041468
**Matthew Rigney**
State Bar No. 24068636
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:      214-665-0100
Facsimile:      214-665-0199
**ATTORNEYS FOR PLAINTIFF**
**COLONY INSURANCE COMPANY**

and

*/s/ Michael E. Coles*

**Michael E. Coles**
State Bar No. 24007025
mikec@colesfirm.com
4925 Greenville Ave., Ste. 200
Dallas, Texas 75206
Tel: 214/443-7860
Fax: 972/692-7145
**ATTORNEY FOR DEFENDANT HOPE**
**PEDIATRICS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi